RITTER v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Third Circuit. March 9, 1896.)

No. 2.

APPEAL FROM CIRCUIT COURT OF APPEALS TO SUPREME COURT.

After the affirmance by the circuit court of appeals of a judgment for defendant, and the going down of the mandate, the plaintiff in error filed a petition in that court, stating that he desired to take an appeal to the supreme court of the United States, and praying that "the said mandate be recalled, and that the said record be directed to be returned to this court," and for "such further order as may be necessary to enable him to perfect his appeal." *Held,* that the recall of the mandate was unnecessary to the taking of an appeal, and that as the transcript of the record is never remitted to the court below, but remains in the appellate court, the prayer of the petition must be denied.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action by A. Howard Ritter, executor of the last will of William M. Runk, deceased, against the Mutual Life Insurance Company of New York, to recover upon policies of life insurance. There were a verdict and judgment for defendant (69 Fed. 505); and on appeal to this court the judgment was affirmed (17 C. C. A. 537, 70 Fed. 954). After the going down of the mandate, the plaintiff in error filed the following petition in this court:

The petition of A. Howard Ritter respectfully represents: That he is the plaintiff in the above cause, which is an appeal from the judgment entered on the 2d day of December, 1895, in favor of the defendant, to wit, Mutual Life Insurance Company of New York, affirming the judgment of the court below. That on the 8th day of January, 1896, a mandate was duly issued from this court certifying that the judgment of the said court below was affirmed, which said mandate has been filed in the court below. That the effect of said judgment in this court was to deny the right of your petitioner to recover certain moneys; and that, since said judgment was entered, no change in the relations, situation, or condition of either of the parties has been made or occurred, but they are now precisely as at the time said judgment was rendered. That your petitioner desires an appeal from the judgment of this court to the supreme court of the United States. He therefore prays that the said mandate be recalled, and that the said record be directed to be returned to this court, and that such other and further order be made herein as may be necessary to enable your petitioner to take and perfect his said appeal. And your petitioner will ever pray, etc.      A. Howard Ritter, Exr.

George Tucker Bispham, for the motion.

C. P. Sherman, contra.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

PER CURIAM. The prayer of this petition must be refused. We do not see that the plaintiff needs the recall of our mandate in order to make his proposed application to the supreme court. The transcript of the record is never remitted to the court below, but remains in this court. That is the case here. The prayer of the petition is denied.